IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS L. GOFF,

    Petitioner,               No. CIV S-11-3251 GGH P

    vs.

M. SALINAS, Warden,

    Respondent.           ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges two separate prison disciplinary decisions in 2010 for which he was assessed 60 days of time credit loss for forgery/falsification of documents, and 120 days of credit loss for possession of alcohol within the institution (for a total of 180 days of time credit loss). Petition, p. 1. Petitioner claims his right to due process was violated at each hearing. See Petition.

A petitioner may challenge only one state court judgment in his petition. See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court (a separate petition must be filed as to each judgment of a state court). Petitioner may not proceed to challenge both prison disciplinary decisions in one habeas petition. Moreover, because petitioner has combined his challenges into one petition, it is unclear as to what he is specifically claiming as to each separate finding of guilt.

Because petitioner has listed his challenge to his having been found guilty of forgery/falsification of documents first, petitioner will be allowed to proceed in the instant case on that challenge. However, petitioner must proceed separately on his challenge to the finding of guilt against him for possession of alcohol within the institution. In both instances, however, the instant petition will be dismissed and petitioner must file an amended petition in each case, wherein he disentangles and separates his claims as to each separate disciplinary conviction.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's challenge to (a) his 2010 prison disciplinary conviction for possession of alcohol within the institution is severed from (b) his challenge to the 2010 finding of guilt in a prison disciplinary hearing on a charge of forgery/falsification of documents;

2. The Clerk of the Court is directed to open a new habeas action as to (a) in # 1 above, and the instant petition is to proceed as to (b) in #1.

3. The Clerk of the Court is further directed to:

    (a) to assign the new action to the undersigned magistrate judge to whom

the instant case is assigned and to make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

        (b)  File and docket a copy of this order in the additional new case file opened for petitioner;

        (c)  Place a copy of the petition filed on December 7, 2011, in the separate action's case docket;

        (d) send petitioner two new forms for filing a habeas petition pursuant to 28 U.S.C. § 2254 used in this district;

4.   Petitioner's request for in forma pauperis status is granted as to both petitions;

5.   The December 7, 2011 petition is dismissed in both cases with leave to amend within thirty days, as set forth herein;

6.  Petitioner's December 7, 2011 motion for appointment of counsel (Docket No. 3) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: December 22, 2011

          /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:009
goff3251.ord