1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11    THOMAS L. GOFF,

12               Petitioner,              No. 2:11-cv-3251 WBS AC P

13          vs.

14    M. SALINAS, Warden,                 FINDINGS AND RECOMMENDATIONS

15               Respondent.

16    _____/

17               Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28

18    U.S.C. § 2254.  Petitioner challenges his May 20, 2010 prison disciplinary conviction for

19    possession of alcohol, for which he was assessed a 120-day credit loss.  Petitioner presents the

20    following grounds for relief: (1) he was unable to collect or obtain evidence in support of his

21    defense or to question any witnesses; (2) critical evidence was disposed of and not tested

22    properly; (3) there were no witnesses or an investigative employee (IE) present at the hearing;

23    (4) petitioner was charged with the wrong violation; (5) he was assessed 120 days' credit

24    forfeiture despite the Senior Hearing Officer having stated it would be 91 days; (6) petitioner

25    was not provided the investigative employee's report 24 hours before the hearing.  First

26    Amended Petition (ECF No. 11), pp. 1, 4-6.

1

Respondent moves for dismissal of the amended petition, contending that it was filed beyond the AEDPA one-year statutory limitation period and that many of the asserted grounds for relief are state law claims that are not cognizable in federal habeas.  Motion to Dismiss (MTD) (ECF No. 16), pp. 1-5.

*Statute of Limitations*

The applicable statute of limitations is set forth in 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The provisions of § 2244(d)(1)(D), rather than § 2244(d)(1)(A), apply to habeas corpus actions challenging decisions of administrative bodies, including challenges to prison disciplinary proceedings.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003).  In such cases, the limitation period begins when the petitioner receives notice of denial of the final administrative appeal from the administrative decision at issue.  Id.; see also, Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (generally, state agency's denial of an administrative appeal constitutes the "factual predicate" for habeas claims challenging state administrative actions affecting "fact or

1  duration of . . . confinement").

2          The statutory limitations period is tolled during the pendency of properly filed

3  state petitions for collateral review, see 28 U.S.C. § 2244(d)(2), and for reasonable intervals

4  between the filing of petitions at succeeding levels of state review while a petitioner is

5  exhausting state remedies.  See Carey v. Saffold, 536 U.S. 214 (2002); Evans v. Chavis, 546

6  U.S. 189, 193-194, 198 (2006).

7          In this case, petitioner's administrative appeal was denied at the third and final

8  level on September 30, 2010.  The statute began to run the following day, on October 1, 2010.

9  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001).  Twenty four days later, on

10 October 25, 2010,[1] petitioner filed a petition in the San Joaquin County Superior Court.  That

11 petition was denied on December 10, 2010.  Petitioner submitted his petition to the Third District

12 Court of Appeal on December 29, 2010, which was denied on January 13, 2011.  Petitioner filed

13 his habeas petition in the California Supreme Court on February 2, 2011.  It was denied on

14 March 16, 2011.  MTD, respondent's Exhibits (Exs.) 1-5.  Respondent does not contend that any

15 of these petitions were "improperly filed."  The intervals between petitions were quite brief.  The

16 undersigned concludes that AEDPA's statute of limitations was continuously tolled from

17 October 25, 2010 through March 16, 2011.  See 28 U.S.C. § 2244(d)(2); Carey, 536 U.S. at 223.

18         The instant case was opened when petitioner filed his initial federal petition dated

19 November 29, 2011.  At that time, 281 days of the limitations period had elapsed: 24 days

20 between October 1, 2011 and October 25, 2011, and 257 days between March 16, 2011 and

21 November 29, 2011.  Accordingly, the initial petition was timely filed.

22         Respondent argues that the amended petition, filed April 2, 2012, must

23

24      [1]    Pursuant to Houston v. Lack, 487 U.S. 266, 275-76 (1988), a pro se prisoner filing is
dated from the date prisoner delivers it to prison authorities for mailing.  See Fed. R. App. P.
25 4(c)(1).  The court applies Houston's "mailbox" rule throughout the analysis of the timeliness
issue.

26

1  nonetheless be dismissed as untimely because it was submitted outside the limitations period.

2  Respondent contends that the previous timely filing of the original petition is not relevant to the

3  timeliness analysis, because filing of a federal petition does not toll the limitations period.  While

4  it is indisputable that pendency of a federal petition does not toll the statute of limitations,

5  Duncan v. Walker, 533 U.S. 167 (2001), that principle has no application here.  The November

6  2011 petition initiated the instant action, which has been pending since.  As explained more fully

7  below, that petition stopped the clock permanently as to the claims presented here.  A statute of

8  limitations that has stopped running requires no tolling.

9             The initial petition was dismissed with leave to amend because it included

10  challenges to two distinct disciplinary decisions.  A petitioner may only challenge one state court

11  judgment in a single federal habeas petition.  See Rule 2(e) of the Rules Governing Section 2254

12  Cases in the United States District Court.  Accordingly, petitioner was directed to sever the

13  challenge to his 2010 prison disciplinary conviction for possession of alcohol from his challenge

14  to his 2010 disciplinary conviction for falsification of documents.  ECF No. 5.  Petitioner was

15  granted leave to amend, and was told that he needed to pursue two separate actions.  Id.  In

16  effect, petitioner was directed to resubmit his petition in amended form.  Neither the petition as a

17  whole or any claims were dismissed as untimely or unexhausted.  Id.  The petition was

18  subsequently amended to omit the claims related to the falsification of documents charge, which

19  were presented in a separate petition (Case No. 2:11-cv-3410 WBS GGH P).[2]  The operative

20  First Amended Petition in this case, as previously noted, addresses only the disciplinary

21  proceeding regarding  possession of alcohol.  Two points regarding this procedural history are

22  critical to the timeliness analysis: (1) the instant case was never closed, and (2) the initial petition

23  included petitioner's challenge to the disciplinary proceeding regarding alcohol possession.  See

24  ECF No. 1 at 1.

25  ────────────────

26        [2]    That petition was dismissed for failure to exhaust state court remedies on March 1,
      2013.

4

1    This is an entirely different scenario than that in which a timely federal petition is

2    dismissed for non-exhaustion and the case closed, and a new petition challenging the same

3    conviction is subsequently filed outside the limitations period.  In that situation the prisoner is

4    not entitled to statutory tolling for the time the previous case was pending.  See, e.g., Tillema v.

5    Long, 253 F.3d 494, 496-97, 498 n.5 (9th Cir. 2001) (no tolling for pendency of previous federal

6    action).[3]  Nor will his claims "relate back" to the petition in the dismissed action, rendering them

7    timely.  See, e.g., Dils v. Small, 260 F.3d 984, 985-86  (9th Cir. 2001) (when first habeas action

8    has been dismissed, there is no pending petition to which second petition can relate back).

9    Unlike prisoners in that unfortunate situation, petitioner in this case never experienced dismissal

10   of his first action.  Because the instant action has remained pending since November 29, 2011,

11   no timeliness problem is presented unless the amended petition includes new claims that were

12   not part of the initial petition, see Hebner v. McGrath, 543 F.3d 1133, 1137-38 (9th Cir. 2008),

13   cert. denied, 557 U.S. 906 (2009), or that were previously dismissed as unexhausted, see King v.

14   Ryan, 564 F.3d 1133, 1142 (9th Cir.), cert. denied, 558 U.S. 887 (2009).  Neither is the case

15   here.

16   Respondent relies on Hood v. Galaza, 47 F. Supp.2d 1144, 1147 (S.D. Cal. 1999),

17   in which the district court decided that petitioner was not entitled to tolling for the period of time

18   between the filing of his federal habeas petition in the Eastern District of California and its

19   transfer to the Southern District, within which jurisdiction his conviction had occurred.  47

20   F.Supp.2d at 1145, 1148.  The Hood opinion cites no authority for this proposition, and the

21   undersigned is unpersuaded by the analysis.  In any event, Hood is inapposite because it

22   involved a case that had been closed in one district and opened as a new case in another.

23   Arguably, that procedural posture brought the case within the class of cases illustrated by

24

25   [3]    In Duncan itself, the first federal petition had been dismissed without prejudice
     and that case closed.  533 U.S. at 181.  In the more than nine months that passed before
     petitioner filed a second petition, "petitioner neither returned to state court nor filed a

26   nondefective federal habeas petition before the time elapsed."  Id.

1  Tillema, supra, which involved not just distinct petitions but distinct actions.  This case does not

2  involve such a procedural posture, and so tolling principles simply are not implicated.

3          Had petitioner's April 2012 amendment added new claims regarding the alcohol

4  possession proceeding, those would be time-barred unless they related back to the originally-

5  pled claims.  See Mayle v. Felix, 545 U.S. 644 (2005); Anthony v. Cambra, 236 F.3d 568, 576

6  (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).  The amended petition attacks the disciplinary

7  proceeding on grounds that closely track the grievances expressed in the initial petition and its

8  attachments.  See ECF No. 1 at 1, 47-86.  Any additional allegations relate directly to the same

9  core of operative facts presented in the original petition.  See Mayle, 545 U.S. at 664 (newly

10  added claims are timely pursuant to "relation back" doctrine where they and original claims "are

11  tied to a common core of operative facts").  The operative facts of both the original and amended

12  petitions involve the prison's compliance with Wolff v. McDonnell, 418 U.S. 539 (1974) and

13  CDCR regulations regarding the process due prisoners in relation to disciplinary hearings.  The

14  same disciplinary charge, same hearing, and same alleged procedural violations are at issue.  No

15  new or different claims have been added to the case since the limitation period expired.

16          For all these reasons, the undersigned finds the amended petition timely.

17                  *Cognizability of Claims*

18          Respondent alternatively moves for dismissal of petitioner's claims as state law

19  claims for which no federal remedy is available, excepting only petitioner's claims that he was

20  prevented from questioning witnesses at the disciplinary hearing and presenting a defense.

21  MTD, pp. 4-5; Reply, pp. 2-3.

22          In connection with prison disciplinary hearings, due process generally requires

23  "advance written notice of the claimed violation and a written statement of the factfinders as to

24  the evidence relied upon and the reasons for the disciplinary action taken."  See Wolff, 418 U.S.

25  at 563; see also Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (due process in parole context

26  satisfied when prisoner "allowed an opportunity to be heard and . . . provided a statement of the

6

reasons why parole was denied.").  The advance written notice of the pending disciplinary

charges should be provided "no less than 24 hours" prior to the disciplinary hearing "in order to

inform [the inmate] of the charges and to enable him to marshal the facts and prepare a defense."

Wolff, 418 U.S. at 564.  In addition, "the inmate facing disciplinary proceedings should be

allowed to call witnesses and present documentary evidence in his defense when permitting him

to do so will not be unduly hazardous to institutional safety or correctional goals."  418 U.S. at

566; Ponte v. Real, 471 U.S. 491, 495 (1984); Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th Cir.

1987).  Prison authorities retain the discretion necessary "to keep the hearing within reasonable

limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as

well as to limit access to other inmates to collect statements or to compile other documentary

evidence."  Wolff, 418 U.S. at 566.  Where an inmate is illiterate or the issue is complex, the

prisoner should be able to seek assistance "in the form of help from the staff or from a

sufficiently competent inmate designated by the staff."  418 U.S. at 570.  However, inmates do

not have a constitutional right to counsel in disciplinary proceedings.  Id.; see also, Baxter v.

Palmigiano, 425 U.S. 308, 315 (1976) (same); Bostic v. Carlson, 884 F.2d 1267, 1274 (9th Cir.

1989) ("[t]here is no right to assistance of counsel in a prison disciplinary hearing.").

        As noted, petitioner claims that: (1) he was unable to collect or obtain evidence in

support of his defense or to question any witnesses; (2) critical evidence was disposed of and not

tested properly; (3) there were no witnesses or an investigative employee present at the hearing;

(4) petitioner was charged with the wrong violation; (5) he was assessed 120 days' credit

forfeiture despite the hearing officer having stated it would be 91 days; (6) petitioner was not

provided the investigative employee's report 24 hours before the hearing.

        The first claim for relief arises directly under Wolff and is cognizable here.

Respondent does not contend otherwise.

        The second claim does not arise under federal law.  Petitioner relies on 15 Cal.

Code Regs. § 3290(a) (generally governing the field-testing of suspected controlled substances

1    or alcohol within prisons) and maintains that he was unable to meaningfully challenge the

2    evidence against him because the alleged "pruno" had been disposed of.  However, the Supreme

3    Court has never recognized a due process right to the preservation and testing of physical

4    evidence in the prison disciplinary context.  Wolff does not extend so far.  Challenges to the

5    integrity or legal sufficiency of the evidence will not support habeas relief.  As long as there is

6    "some evidence" in the record to support a disciplinary finding, the federal court may not revisit

7    the merits of the decision.  Superintendent v. Hill, 472 U.S. 445 (1985).  Respondent's motion

8    should be granted as to this claim.

9           As respondent concedes, claim three arises under Wolff to the extent it alleges

10   that petitioner was not permitted to question witnesses at the hearing.  Respondent is correct,

11   however, that there is no due process right to an investigative employee at the hearing.  Due

12   process may require some degree of assistance for an inmate who is illiterate or where the issue

13   is complex, Wolff, 418 U.S. at 570, but there are no such allegations here.  Claim three should be

14   dismissed insofar as it turns on absence of the investigative employee or other staff assistant.  To

15   the extent that petitioner wanted the investigative employee at the hearing for questioning rather

16   than for assistance, petitioner may pursue the matter as a denial of a witness at the hearing.

17          In claim 4, petitioner contends that he was charged with a violation of the wrong

18   state regulation.  He appears to allege that he should have been charged with "the fermentation

19   or distillation of materials in a manner consistent with the production of alcohol" pursuant to 15

20   Cal. Code. Regs § 3323(h)(6), which provides for a credit forfeiture of 0-30 days. ECF No. 11 at

21   5.  Petitioner was charged with and found guilty of violating 15 Cal. Code Regs. 3016(a), which

22   provides that "[i]nmates shall not inhale, ingest, inject, or otherwise introduce into their body;

23   use, possess, manufacture, or have under their control any controlled substance, medication, or

24   alcohol, except as specifically authorized by the institution's/facility's health care staff."

25   Petitioner's allegation that he was charged with the wrong (and more serious) violation does not

26   implicate federal due process.  It is undisputed that he had advance written notice of the charge

8

1   he would be facing, and an opportunity to contest his guilt.  This claim should be dismissed.

2         In claim 5, petitioner contends that he was improperly assessed a credit forfeiture

3   of 120 days when he had been informed by the hearing officer at the original disciplinary hearing

4   that he would be assessed a forfeiture of 91 days.  These facts to not implicate the due process

5   rights articulated in <u>Wolff</u>.  This claim should be dismissed.

6         As to claim 6, petitioner alleges that he was not provided the investigative

7   employee's report until the day of his initial hearing, in violation of 15 Cal. Code Regs. §

8   3318(a)(2) ("A copy of the investigative employee's report shall be provided to the inmate no

9   less than 24 hours before a disciplinary hearing is held.").  Petitioner does not contend that he

10  was deprived of advance written notice of the pending disciplinary charges at least 24 hours

11  prior to the hearing.  The fact that the state regulation provides greater protection than <u>Wolff</u>

12  requires does not turn a violation of the regulation into a violation of due process.  This claim

13  should be dismissed.

14        Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

15  dismiss (ECF No. 16) be denied in part and granted in part, as follows:

16        1.  Denied on the ground that the petition is untimely; and

17        2.  Granted as to the following claims on the ground that they do not allege facts

18  that, if proven, would constitute violations of due process: claims 2, 4, 5, 6 and that portion of

19  claim 3 which alleges that an investigative employee or other staff assistant was not at the

20  disciplinary hearing; and

21        3.  This petition proceed only as to claim 1 and that portion of claim 3 which

22  alleges that no witnesses were present at his disciplinary hearing.

23        These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

1    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2    shall be served and filed within fourteen days after service of the objections.  The parties are

3    advised that failure to file objections within the specified time may waive the right to appeal the

4    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5    DATED: March 8, 2013.

6

7                          ALLISON CLAIRE

                             UNITED STATES MAGISTRATE JUDGE

8

   AC:009

9    goff3251.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26