UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>        Petitioner,<br><br>   v.<br><br>M. SALINAS, Warden,<br><br>        Respondent. | No.  2:11-cv-3251 WBS AC P<br><br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has moved for judgment on the pleadings. ECF No. 31. Petitioner challenges his May 20, 2010 prison disciplinary conviction for possession of alcohol, for which he was assessed a 120-day credit loss. By Order (ECF No. 37) filed on April 9, 2013, respondent's June 29, 2012 motion to dismiss (ECF No. 16) was denied in part and granted in part. The motion was denied on the ground of untimeliness and granted as to petitioner's claims 2, 4, 5, 6, and a portion of his claim 3. The action thus proceeds only as to claim 1 and a part of claim 3. ECF No. 37 at 2. In claim 1, petitioner alleges that he was unable to collect or obtain evidence in support of his defense or to question any witnesses. In the portion of claim 3 which still remains for adjudication, petitioner claims that no witnesses were present at his disciplinary hearing. Respondent's answer to the remaining claims (ECF No. 38) was filed on June 7, 2013 but the matter is not yet submitted as the time for petitioner to file a traverse has not yet expired.

1

1    Petitioner's abbreviated motion for judgment on the pleadings, pursuant to Fed. R. Civ. P.
2  12(c), was filed on February 25, 2013 while the motion to dismiss was pending.  Petitioner
3  contended that the petition and the briefing on the motion to dismiss presented the court with "all
4  material facts" such that "only questions of law remain."  ECF No. 31 at 2.  Respondent filed no
5  response to the motion, no doubt in part because his motion to dismiss was pending at the time.
6  Given this procedural posture, the undersigned does not construe respondent's failure to oppose
7  as a waiver of opposition.  See Local Rule 230(l).

8    Fed. R. Civ. P. 21(c) provides that "[a]fter the pleadings are closed -- but early enough not
9  to delay trial -- a party may move for judgment on the pleadings."  Plaintiff filed his Rule 21(c)
10  motion before the pleadings were closed.  Indeed, plaintiff filed this motion before respondent
11  had answered.  Because the motion was premature, it will be stricken.

12    The pleadings will be closed after petitioner files his traverse or reply.  At that time there
13  will be no need for a motion under Rule 12(c) because the matter will be submitted for decision .
14  Unless an evidentiary hearing is ordered, judgment will be based on the pleadings and the state
15  court record.

16    Accordingly, IT IS HEREBY ORDERED that petitioner's February 25, 2013
17  motion for judgment on the pleadings (ECF No. 31) is STRICKEN as premature.

18  DATED: June 13, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
goff3251.mjp

2